### N. C. PATTERSON v. THE STATE.

No. 4948.   Decided March 20, 1918.

**1.—Murder—Disqualification of Trial Judge—Statutes Construed—Constitutional Law—Change of Venue.**

Where the trial judge had been county attorney when the indictment
charging appellant with murder was found, he was disqualified from sitting
in the case and entering an order for a change of venue under article 5, section
11 of the Constitution, and article 617, C. C. P., and this, although such indictment was dismissed and a new one found upon which the venue was changed.

Following Graham v. State, 43 Texas Crim. Rep., 110, and other cases. Distinguishing Cock v. State, 8 Texas Crim. App., 659.

### 2.—Same—Change of Venue—Judicial Act.

An order changing the venue of a case is a judicial act and can not be made by a judge who is disqualified by having been of counsel for the State. Following Abrams v. State, 31 Texas Crim. Rep., 449, and other cases.

### 3.—Same—Change of Venue—Statutes Construed.

Under the present statute, article 618, C. C. P., no change of venue shall be necessary where the judge is disqualified from trying the same, and, where said judge nevertheless made such order, the same is void.

### 4.—Same—Ministerial and Judicial Discretion—Rule Stated.

There is a distinction between ministerial acts or acts not involving judicial discretion, which may be done by a disqualified judge; but where the act involves judicial discretion, he can not perform it, and if he does, the act is void. Following Rains v. Simpson, 50 Texas, 495, and other cases.

### 5.—Same—General Reputation of Deceased—Cross-examination.

Where, upon trial of murder, the State's witness testified to his knowledge of the good reputation of deceased, and there being evidence upon which to base the inquiry, defendant had the right on cross-examination of the witness to inquire whether or not he had heard that deceased had killed a man and cut another, etc., for the purpose of testing his knowledge and credibility. Following Forrester v. State, 38 Texas Crim. Rep., 245.

Appeal from the District Court of Parker. Tried below before the Hon. F. O. McKinsey.

Appeal from a conviction of murder; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Simpson & Estes, Preston Martin, A. L. Moore,* and *Chas. T. Prewett,* for appellant.—On question of disqualification of judge: Graham v. State, 43 Texas Crim. Rep., 110; R. R. Co. v. Ryan, 44 Texas, 426; Slaven v. Wheeler, 58 id., 23; Reed v. State, 11 Texas Crim. App., 587; Durham v. State, 58 Texas Crim. Rep., 143, 124 S. W. Rep., 932; Garrett v. Gaines, 6 Texas, 435; Seabrook v. Bank, 171 S. W. Rep., 247; Burk v. Bennett, 62 Texas, 277; State v. Burk, 82 id., 584; Gaines v. Barr, 60 id., 676.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant's conviction was for murder and his punishment assessed at confinement in the State penitentiary for twenty years.

The homicide took place in Tarrant County in November. The grand jury returned into the District Court of the Sixty-seventh Judicial District a bill of indictment charging appellant with murder. At that time the Hon. Geo. E. Hosey was assistant county attorney, and pursuant to his duties as such assisted the grand jury in investigating the case and wrote the indictment returned. At the succeeding term of

court, on December 4, 1916, the court organized a grand jury, which was composed of the same, or substantially the same, men that composed the grand jury for the November term, and which returned the indictment mentioned, and appellant was reindicted for the same offense; and about ten days later the first indictment found was dismissed. After the organization of the Criminal District Court of Tarrant County the cause was transferred to that court, and Hon. Geo. E. Hosey became judge thereof.

Appellant makes the point that his connection with the case as assistant county attorney operated as a disqualification of Judge Hosey to sit in the case. The Constitution, article 5, section 11, provides, among other things, as follows: "No judge shall sit in any case where . . . he shall have been counsel in the case." Article 617, Code of Criminal Procedure, provides: "No judge . . . shall sit in any case . . . where he has been counsel for the State or the accused." Articles 426, 427 and 428, Penal Code, prescribe the duties of the county attorney with reference to the grand jury, providing in substance that he may be present except when the matter of finding indictments is under discussion or the grand jury is voting on the same; may examine witnesses, advise as to the proper mode of interrogating, and with reference to the question of law. This authority has been construed to extend to the assistant county attorney. Moody v. State, 57 Texas Crim. Rep., 76.

We find in the record this statement by the county attorney of Tarrant County: "After the Hon. Geo. E. Hosey, the present judge of this court, was appointed, I suggested to him that he was disqualified in this case by reason of the fact that he was a member of the county attorney's force at the time defendant was indicted for this murder, and, therefore, he would be disqualified to try the case." This, we think, is the proper construction of the law. The exact point on similar facts was decided by this court in an opinion by Judge Hurt in Terry v. State, 24 S. W. Rep., 510, where the facts alleged were that the district attorney took the complaint, reduced it to writing and caused it to be sworn to and attested. This was the beginning of a prosecution under which the appellant, Terry, was afterwards convicted of a felony. The court said: "If it should appear that he has received the complaint, reduced it to writing, had it signed and sworn to, and attested same, the law requiring him to do these things as counsel for the State, his official acts as attorney for the State having relation to this particular case would make him of counsel for the State in this case, and the motion should have been sustained." See also Graham v. State, 43 Texas Crim. Rep., 110; State v. Burks, 82 Texas, 584.

The trial judge having announced his intention to change the venue of the case upon his own motion, the county attorney having suggested the propriety thereof on the ground of previous trials the appellant opposed the action of the court upon various grounds set out in writing. The court heard evidence upon this opposition, disregarded it, and ordered the venue changed, appellant excepting.

The action of a disqualified judge with reference to an order such a

judge can not make, is void.  Chambers v. Hodges, 23 Texas, 104; Taylor v. Williams, 26 Texas, 583; Abrams v. State, 31 Texas Crim. Rep., 449.  It follows that if the order changing the venue was one which the judge was disqualified from making it is void.  In the case of Cock v. State, 8 Texas Crim. App., 659, is used the following expression with reference to a disqualified judge: "He would not be incompetent to preside in taking incidental orders as, for instance, an order granting a change of venue."  The only question then arising touching the disqualification of the trial judge was whether he could receive the indictment, and the court determined, we think, correctly that he could do so.  The expression with reference to change of venue was not necessary in deciding the case.  At the time Cock's case was tried there was in force a statute obliging the trial judge to order the venue changed in a case which he was disqualified to try, leaving him without discretion to refuse to do so.  Art. 1417, Paschal's Ann. Digest of Laws, sec. 22,851; Paschal's Digest of Decisions.  The present statute, article 618, contains the following: "Whenever any case or cases, civil or criminal, are pending in which the district judge is disqualified from trying the same, *no change of venue shall be made necessary thereby.*"·

This court, in the case of Fellrath v. Gilder, reported in 1 Ct. of Appeals, Civil Cases, p. 599, sec. 1060, discussing a similar question, expressed itself as follows:  "A certiorari granted by a county judge thus disqualified is a null and void act.  The disqualification of the judge extends to all such judicial orders, judgments or fiats as involve the exercise of the power which is conferred upon the judge to hear and determine upon the rights which may be involved in the case which shall be presented for his action."

A distinction between ministerial acts, or acts not involving judicial discretion, which may be done by a disqualified judge, and acts involving judicial discretion which he can not perform, is referred to in Rains v. Simpson, 50 Texas, 495, from which we quote as follows: "The distinction between the two is thus defined:  Where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial; but where the act to be done involves the exercise of discretion or judgment it is not to be deemed merely . ministerial." Citing Commissioner v. Smith, 5 Texas, 471; Arberry v. Beavers, 6 Texas, 457.  See Cyc., vol. 23, p. 598.

In State v. Burks, 82 Texas, 584, a quo warranto proceeding, the facts were that in a contemplated election upon the question of incorporation of a town the law firm of which the person who was afterwards judge was a member, was consulted.  He received no compensation and gave no opinion as to whether or not it would be legal or illegal to take in so much territory.  He had nothing to do with the matter after the suit in which the question arose began.  The court says:  "The questions presented for our decision are, whether the judge was disqualified under the Constitution, and whether such disqualification embraces his authority to make the order to file the information as well as to preside at the trial of the cause."  The court held this clearly an

exercise of judicial discretion, saying: "No distinction can be recognized between the authority of a disqualified judge to make such an order and to preside at the trial of the cause." It was held that the judge properly held himself disqualified, citing Slaven v. Wheeler, 58 Texas, 23.

Article 626, Code of Criminal Procedure, is as follows: "Whenever in any cause of felony the district judge presiding shall be satisfied that a trial, alike fair and impartial to the accused and to the State, can not, from any cause, be had in the county in which the case is pending, he may, upon his own motion, order a change of venue to any county in his own, or in an adjoining district, stating in his order the grounds for such change of venue." It has been held that the discretion thus given to change the venue on his own motion is an act of judicial discretion, not an arbitrary or personal one. Mayhew v. State, 69 Texas Crim. Rep., 187, 155 S. W. Rep., 191; Walker v. State, 42 Texas, 360. The judge must be satisfied that a trial alike fair and impartial to the accused and the State can not be had and must determine which of a number of counties shall be selected within which the trial on change of venue shall be had. These are not ministerial acts. The making of an order changing the venue is not a mere incidental matter. It is an act involving the exercise of judicial discretion and judgment, and one which a judge who is disqualified "to sit in the case" can not perform.

The Assistant Attorney General concedes that the order changing the venue in this case is void because it was made by a disqualified judge. Other cases illustrating the point are: Taylor v. State, 81 Texas Crim. Rep., 359; Garrett v. Gaines, 6 Texas, 435; Jouett v. Gunn, 35 S. W. Rep., 194; Comstock v. Lomax, 135 S. W. Rep., 185; Fellrath v. Gilder, 1 W. & W., sec. 1060; Kalklosh v. Bunting, 40 Texas Civ. App., 233, 88 S. W. Rep., 389; Seabrook v. Bank, 171 S. W. Rep., 247; Jirou v. Jirou, 136 S. W. Rep., 493; City v. Bank, 71 S. W. Rep., 799; Burks v. Bennett, 62 Texas, 277; Chambers v. Hodges, 23 Texas, 104; Gains v. Barr, 60 Texas, 676; Dolsong v. Sherridan Co., 178 S. W. Rep., 663; Fechheimer v. Washington, 77 Ind., 366; Morrisey v. Gray (Cal.), 117 Pac. Rep., 438; Dodd v. State, 5 Ok. Cr. Rep., 513, 115 Pac. Rep., 632; Frevert v. Swift, 19 Nev., 363; People v. de la Guerra, 24 Cal., 73.

One of the issues developed on the trial of the cause was the general reputation of the deceased as to whether he was a dangerous man or otherwise. In cross-examination of one of the witnesses who testified to the good reputation of the deceased in this respect, it was developed that deceased had killed a man, shot another and had a number of fights. Appellant sought to interrogate other witnesses for the State who testified to the good reputation of the deceased in the respect mentioned, whether they had heard of these occurrences or knew of them. This testimony was excluded upon grounds suggested by the court and made by the prosecuting attorney. The State's witness having testified to his knowledge of the good reputation of deceased and there being evidence upon which to base the inquiry, we think it within appellant's rights in cross-examining the witness to inquire whether or not he had

heard of the incidents, for the purpose of testing the knowledge and credibility of the witness. From Wharton's Crim. Ev., vol. 1, p. 1013, we quote as follows: "So a character witness who has testified as to the good or bad character of the witness whom he is called upon to sustain or impeach may be cross-examined as to his knowledge of the acts that contradict his testimony, not for the purpose of establishing such acts, but to test the witness' credibility, so the jury may be assisted in determining the weight to be given his testimony." This text is supported by the opinion of this court in Forrester v. State, 38 Texas Crim. Rep., 245. See also Rice on Crim. Ev., sec. 375. The idea expressed is that a character witness on direct examination may not be permitted to detail specific acts derogatory to the character of the person in question, but when he has testified to his knowledge of the character he may be cross-examined, and as to the cross-examination, the text last cited uses the following language: "When a witness has testified on his examination in chief that the person as to whose character the inquiry is instituted bears a good character, his opinion and the value of it may be tested by asking the witness on his cross-examination whether he has ever heard that the person whose character is in question has been accused of doing acts wholly inconsistent with the character which he has attributed to him."

Under these authorities we think there was error in the limitation placed upon the cross-examination.

Because of this error and that involved in the change of venue by the disqualified judge, a reversal of the judgment of the lower court is ordered.

*Reversed and remanded.*

PRENDERGAST, Judge, absent.