BILL PRINCE V. STATE.

No. 25,925. October 22, 1952.
State's Second Motion for Rehearing Denied (Without Written Opinion) December 10, 1952.

*A. R. Archer, Jr.,* and *George W. Overshiner* [Of Counsel, *Archer, Bryant & Overshiner*], Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

ON STATE'S MOTION FOR REHEARING.

MORRISON, Judge.

Our original opinion is withdrawn, and the following is substituted therefor.

The unlawful sale of beer, with a prior conviction, is the offense; the punishment, a fine of $500.00 and nine months in jail.

The facts reflect that Hahn, an agent of the Texas Liquor Control Board, acting as an undercover agent, went to the place of appellant and purchased two bottles of beer. Hahn took the two bottles out to his car, and there poured some of the beer into another bottle to be kept and used as evidence. He then returned to the house and purchased two cans of beer from appellant. A lapse of twenty to twenty-five minutes occurred between the first and second purchases.

Growing out of the foregoing transactions, the state appears to have filed two cases against appellant, each charging the sale of beer to Hahn on or about July 21, 1951. The two cases were numbered upon the trial court's docket as 15,245 and 15,246, respectively.

The sole question herein is the alleged disqualification of the judge.

The record reflects that the judge who presided at the trial

of the instant case was an assistant county attorney at the time of the alleged offenses and when the complaints were filed. Appellant sought to have the judge recuse himself as disqualified upon the ground that he had assisted in the prosecution of the companion case and in the preparation and investigation of both cases.

By the Constitution of this State (Art. V, Sec. 11) and by statute (Art. 552, C. C. P.), a trial judge is disqualified to sit in any case where he has been counsel for the state or the accused. The fact, merely, that the trial judge here was the assistant county attorney at the time the alleged offenses arose or were filed does not constitute him as counsel for the state in this case. Wilks v. State, 27 Tex. App. 381, 11 S. W. 415; Utzman v. State, 32 Tex. Cr. R. 426, 24 S. W. 412. If, on the other hand, he participated in any manner in the preparation or investigation of the case when he was assistant county attorney, he would be counsel for the state. Terry v. State, 24 S. W. 510; Patterson v. State, 83 Tex. Cr. R. 169, 202 S. W. 88; and Koll v. State, 143 Tex. Cr. R. 104, 157 S. W. (2d) 377.

County Attorney Bill Tippen testified on the hearing of appellant's motion that it was his belief that Judge Ingalsbe helped him with the prosecution of the other case which had been tried and appealed.

The trial judge also testified at the hearing. As we construe his testimony, he denied that he participated in the preparation of the case then on trial against the accused but failed to specifically deny that he had taken part in the preparation or trial of the companion case, which, of necessity, as will be seen from the facts heretofore stated, rested upon the identical state of facts as the case at bar.

When he came to qualify appellant's bills of exception, the trial court qualified them by saying that he had no knowledge of either case filed against the appellant and took no part in the preparation or trial of either case.

It would not be competent for the trial judge to ignore the testimony of the county attorney to the effect that he had assisted in the prosecution on the companion case and to certify to the contrary in qualifying the bills. A fact issue being raised by the motion, the testimony of the judge would have to be submitted as that of any other witness. See Benson v. State, 44

S. W. 167, and Swidan v. State, 156 Tex. Cr. R. 29, 238 S. W. (2d) 537. The testimony of the judge given at the hearing is not sufficient to overcome the testimony of the county attorney to the effect that the judge assisted in the former prosecution.

The state's motion for rehearing is overruled; the judgment is reversed, and the cause remanded.