Roy Lee CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 46063.

Court of Criminal Appeals of Texas.

June 27, 1973.

Rehearing Denied July 17, 1973.

Ronald E. Waldie, Dallas, for appellant.

Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from an order revoking appellant's probation. Punishment had been originally assessed at five years for a charge of burglary.

Appellant argues that the revocation order constituted an abuse of discretion, and alleges two complaints.

Initially, however, we address ourselves to an issue brought to this Court's attention by the State. The motion to revoke appellant's probation was heard by Judge Stanley Kirk. At the trial on the charge of burglary, appellant entered a plea of guilty. The judgment, the waiver of jury trial, and the agreement to stipulate testimony all reflect that a Mr. Phagan, an assistant district attorney, represented the State at this proceeding. The docket sheet alone has, in typewritten form, the recitation that Stanley Kirk, the district attorney, was the attorney for the State.

The issue now before this Court is whether the revocation proceeding was rendered void because Judge Kirk presided. We hold that it is not rendered void.

The latest expression by this Court in this area is Rodriguez v. State, 489 S.W.2d

121 (Tex.Cr.App.1972). There it was held that the trial judge was not disqualified from hearing a case even though he was First Assistant Criminal District Attorney at the time the accused was alleged to have committed the offense and at the time a complaint was filed. We reasoned that since there was no showing that the judge actually investigated, advised or participated in that case in any way, he was not acting "as counsel" as contemplated by the constitutional and statutory provisions cited.

We are convinced of the correctness of such a holding and find it applicable in the instant case as well. Aside from a typed recitation on the docket sheet that Stanley Kirk was attorney for the State, all evidence indicates that Mr. Phagan actually prosecuted the case. Absent an affirmative showing, we are unwilling to impute active participation to Kirk simply because he was district attorney. Ex parte McDonald, 469 S.W.2d 173 (Tex.Cr.App. 1971); Hathorne v. State, 459 S.W.2d 826 (Tex.Cr.App.1970) cert. denied, 402 U.S. 914, 91 S.Ct. 1398, 28 L.Ed.2d 657 (1971); compare, Williams v. State, 492 S.W.2d 522 (Tex.Cr.App.1973).

■ Appellant contends that an abuse of discretion is shown since there was no showing that a crime was committed. The evidence reflects that appellant and another man were observed in a discount store as they switched price tags on lamps. They replaced the price tags on two $16.88 lamps with price tags of $4.88. They then went to the check-out counter and paid the lower price. The two men were subsequently apprehended.

The evidence is clearly sufficient to show a violation of a law of the State of Texas. Article 1545, Vernon's Ann.P.C.

■ In appellant's remaining complaint, he attempts to raise a double jeopardy question. It is unclear exactly what he is arguing, but, apparently, appellant contends the following: He alleges that he was tried and convicted on the swindling charge in January of 1970. The motion to revoke his probation on the burglary charge was heard on November 23, 1970. Appellant states that it amounted to double jeopardy to use that charge again at the revocation hearing.

■ The argument is without merit. Appellant was not being tried again on the swindling charge; it was used only to show a violation of the terms of his probation. If the State had chosen to do so, they could have used the evidence of the swindling as the basis for revoking the probation *before* a conviction on that charge was obtained. Toran v. State, 466 S.W.2d 320 (Tex.Cr.App.1971).

Finding no abuse of discretion, the judgment is affirmed.