Larry Corbin LEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 53397.

Court of Criminal Appeals of Texas.

July 13, 1977.

Rehearing Denied Sept. 14, 1977.

Thomas P. Roebuck, Jr., Port Arthur, for appellant.

Tom Hanna, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury appellant was convicted of attempted burglary. See Art. 1402, V.A.P.C. Punishment, enhanced under the provisions of Art. 63, V.A.P.C., was assessed at life.

■ Although not raised by any ground of error in appellant's brief, we find that the record presents a serious question of whether the judge who presided over this trial was disqualified by reason of having previously been counsel for the State in the case. The issue of his disqualification was raised in the trial court by motion of the appellant requesting that the judge disqualify by reason of his earlier activities concerning this case while he was Chief of the Trial Division of the Jefferson County District Attorney's Office in 1973. The issue of disqualification of the judge involves the jurisdiction of the court to act and should be considered by us as unassigned error in the interest of justice. Art. 40.09, Sec. 13, V.A.C.C.P.; *Ex parte McDonald*, Tex.Cr. App., 469 S.W.2d 173; *Hathorne v. State*, Tex.Cr.App., 459 S.W.2d 826; *Ex parte Washington*, Tex.Cr.App., 442 S.W.2d 391.

Art. 5, Sec. 11, Texas State Constitution, in its pertinent parts provides as follows:

"Sec. 11. No judge shall sit in any case . . . when he shall have been counsel in the case, or . . . ."

Art. 30.01, V.A.C.C.P., as applicable here reads:

"No judge or justice of the peace shall sit in any case . . . where he has been of counsel for the State or the accused, or . . . ."

The record reflects that the indictment was presented by the grand jury September 6, 1973, and was filed as Cause No. 30,989 in the Criminal District Court of Jefferson County. Hon. Larry Gist, who presided as the judge of that court over the instant trial of this case in March, 1975, was in the fall of 1973 Chief of the Trial Division of the Office of the District Attorney of Jefferson County. At a pre-trial hearing conducted March 17, 1975, before Judge Gist on appellant's motion requesting him to disqualify in this case, appellant placed in evidence a letter written by Gist on November 15, 1973 in his official capacity as Chief, Trial Division, Jefferson County District Attorney's Office, to appellant's then attorney, reading as follows:

Exhibit A

## OFFICE OF THE DISTRICT ATTORNEY
### JEFFERSON COUNTY, TEXAS

TOM HANNA
CRIMINAL
DISTRICT ATTORNEY

LEONARD J. GIBLIN, JR.
First Assistant Criminal
District Attorney

P O BOX 2553   77704
1149 PEARL STREET
BEAUMONT, TEXAS 77701
(713) 835-8550

November 15, 1973

JOHN R. DEWITT
Chief - Appellate Division
LAWRENCE J. GIST
Chief - Trial Division

W. P. "Pat" HAYES
Chief - Investigative
Division

Mr. Danny Clayton, Attorney
Beaumont Savings Building
Beaumont, Texas 77701

Re:  No. 30989, Larry Corbin Lee (Habitual Criminal)

Dear Danny:

I have reviewed your recent note and this case. It is a very serious offense in and of itself, and in addition, the defendant's record is deplorable.

In view of all these circumstances, I cannot make a recommendation less than life. At the non-jury docket call, you should request a trial, and I will make available to you all of the information in our file that is subject to discovery without the necessity of your having to file a motion.

Sincerely,

Larry Gist, Chief
Trial Division

LJG/s

The oath being waived, prosecuting attorney Thomas Moses testified as follows:

"MR. MOSES: Thank you, Your Honor. I have reviewed the file, relating to Larry Corbin Lee in the above mentioned Cause Number 30989. And in reviewing that, the only thing that I have found that the Court, now presiding, had anything to do with this case is the letter that is attached to the defendant's motion, styled Exhibit A. There is nothing else that I can find that the Court had had any other notations or any other business relating to this file. And it appears as though the letter was written as a result of a communication from Mr. Danny Clayton, who was the attorney for the defendant at that time. And the file reflects that the Judge was not in charge of the file at that time. However, it was being taken care of primarily by another prosecuting attorney, Mr. Doyle; and that as Chief of the Trial Division, Judge Gist _ _ _ at that time, Chief of the Trial Division _ _ _ just borrowed the file and wrote that note, after making some review. But that is the appearance of the file as it is reflected in our office."

Judge Gist then dictated the following statement into the record:

"THE COURT: So that the record will be perfectly clear, I asked Mr. Horka, one of the prosecutors, to bring me the State's file this morning, to review, for the purposes of ascertaining to what extent I may have had any connection with it, when I was in the District Attorney's Office.

"The perusal of the file, which was some three inches thick, indicated that it was assigned to Mr. Doyle; and subsequently assigned to Mr. Horka, who is now the attorney representing the State in the matter.

"At the time this file was indicted, I was in charge of the trial division of the District Attorney's Office. And there was a note in the file from Mr. Clayton which, in substance, said that I would appreciate it if you would let me know what the State's position is in connection with this case. Although, I have no independent recollection of what did occur, it was common, in my position of being in charge as the supervisor of all the trial lawyers in the District Attorney's Office, when an attorney contacted me personally, to take the initiative to find out the attitude of whatever prosecutor had been assigned the file. And I do feel reasonably sure that I did that at the time by asking Mr. Doyle his position in the matter. And as an accommodation to Mr. Clayton, I wrote the letter which is attached as Defendant's Exhibit A, attached to the motion.

"The log sheet of the District Attorney's Office in that file, which is a record of all the transactions occurring on behalf of the State, is there in its entirety, and no entry made by me is reflected at all in the course of that.

"There are a number of various hearings, settings, trial, and other things that have occurred, none of which the file reflects I

ever had anything to do with. And I have no independent recollection of this case, the letter to Mr. Clayton, the defendant, or anything connected with it. That is the extent to which I have reviewed the matter. I will be glad to answer any questions you may have about it, Mr. Roebuck, if you care to ask anything.

"MR. ROEBUCK (Defense Attorney): Your Honor, I feel the Court has adequately presented the evidence showing that he is not disqualified."

The court overruled appellant's motion to disqualify and conducted the instant trial as the judge presiding. The State's file referred to in Judge Gist's statement was forwarded to this Court in a sealed envelope as a part of the record.[1]

■ Disqualification of a judge arising from a constitutional or statutory provision to preside over the trial of a case affects jurisdiction, and cannot be waived, and the judgment rendered is a nullity and void and subject even to collateral attack. *Ex parte McDonald*, Tex.Cr.App., 469 S.W.2d 673; *Ex parte Washington*, Tex.Cr.App., 442 S.W.2d 391; *Woodland v. State*, 147 Tex. Cr.R. 84, 178 S.W.2d 528; *Patterson v. State*, 83 Tex.Cr.R. 169, 202 S.W. 88. Also see *Postal Mutual Indemnity Co. v. Ellis*, 140 Tex. 570, 169 S.W.2d 482 (1943); *Indemnity Insurance Co. of North America v. McGee*, 163 Tex. 412, 356 S.W.2d 666 (1962).

We have reviewed the State's file forwarded to this Court as aforesaid and find nothing therein except the above letter which associates Judge Gist, as former Chief of the Trial Division of the District Attorney's Office, with the investigation or prosecution of this case. Much of the file relates to matters occurring after November 15, 1973, the date of Gist's letter, which were not shown to have been brought to his attention when he was Assistant District Attorney. However, the file as the letter states he reviewed it contains a summary of complainant's statements to the investigat-

ing officers, detailed reports of the arresting and investigating officers, appellant's criminal record, and the request of the District Attorney's Office for Texas Department of Correction penitentiary packets to give information for the indictment of appellant as a habitual criminal. It was on the basis of this information that Gist, as Chief of the Trial Division, "reviewed" this case and found it to be a "very serious offense in and of itself, and in addition, the defendant's record is deplorable." Further, as stated by Chief Gist, "In view of all these circumstances, I cannot make a recommendation less than life," and he offered to make available to defense counsel "all the information in our file that is subject to discovery without the necessity of your having to file a motion."

■ The mere fact that one was the district or county attorney when a criminal case is pending in a court in that county does not ipso facto disqualify him as a judge to preside over the trial of that case. As we said in *Rodriguez v. State*, Tex.Cr. App., 489 S.W.2d 121, at p. 123:

"It is not shown that the trial judge, even though he was the First Assistant to the Criminal District Attorney and in charge of capital prosecutions, actually investigated, advised or participated in this case in any way; it is therefore not shown that he 'acted as counsel in the case' as contemplated by the constitutional and statutory provisions relied upon. See *Utzman v. State*, 32 Tex.Cr.R. 426, 24 S.W. 412 (1893); *Muro v. State*, 387 S.W.2d 674 (Tex.Cr.App.1965) and cf. *Ex parte McDonald*, 469 S.W.2d 173 (Tex.Cr. App.1971) and *Hathorne v. State*, 459 S.W.2d 826 (Tex.Cr.App.1970)."

In *Prince v. State*, 158 Tex.Cr.R. 65, 252 S.W.2d 945, in reversing and remanding the judgment because of the disqualification of the trial judge, we stated:

". . . . The fact, merely, that the trial judge here was the Assistant County

---

1. The record reflects that a trial of appellant in this case before another judge in June, 1974, resulted in a "hung jury" and hence a mistrial.

Judge Gist was not a member of the Jefferson County District Attorney's staff at that time.

Attorney at the time the alleged offenses arose or were filed does not constitute him as counsel for the State in this case. *Wilks v. State*, 27 Tex.App. 381, 11 S.W. 415; *Utzman v. State*, 32 Tex.Cr.R. 426, 24 S.W. 412. If, on the other hand, he participated in any manner in the preparation or investigation of the case when he was Assistant County Attorney, he would be counsel for the State. *Terry v. State*, Tex.Cr.App., 24 S.W. 510; *Patterson v. State*, 83 Tex.Cr.R. 169, 202 S.W. 88; and *Koll v. State*, 143 Tex.Cr.R. 104, 157 S.W.2d 377."

See also *Carter v. State*, Tex.Cr.App., 496 S.W.2d 603; *Morgan v. State*, Tex.Cr.App., 503 S.W.2d 770.

The letter written by the judge when he was, according to his statement dictated in the record, supra, "in charge of the trial division of the District Attorney's Office," shows that he did actually investigate the State's file and advise and participate in decisions made in that office relative to this case. In response to "a note on file from Mr. Clayton," defense counsel, he asked for and secured the State's file, reviewed it in his official capacity, found it to reflect "a very serious offense" and that "the defendant's record is deplorable." As the Chief of the Trial Division in charge of that division, knowing from the file that appellant was charged as a habitual criminal, he advised defense counsel "I cannot make a recommendation less than life." His investiga-

tion and review of the State's file in this case No. 30,989, and his official findings and advice as Chief of the Trial Division as reflected in his letter of November 15, 1973, supra, and in his statement made during the pre-trial hearing, supra, involved the very same case against appellant in which he subsequently sat as trial judge, and in which the present conviction now on appeal was obtained. Cf. *Holifield v. State*, Tex. Cr.App., 538 S.W.2d 123.

We conclude that the record reflects that Judge Gist had been of counsel for the State and had participated as such in the case while serving in his official capacity on the District Attorney's staff, and that he was disqualified from presiding as judge in the instant trial. Art. 5, Sec. 11, Texas State Constitution; Art. 31.01, V.A.C.C.P.; *Prince v. State*, 158 Tex.Cr.R. 65, 252 S.W.2d 945; *Woodland v. State*, 147 Tex.Cr.R. 84, 178 S.W.2d 528; *Patterson v. State*, 83 Tex.Cr.R. 169, 202 S.W. 88; *Terry v. State*, Tex.Cr.App., 24 S.W. 510.[2]

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

---

2. In so concluding, we copy with particular reference to this case the following from the opinion of our State Supreme Court in *Indemnity Insurance Company of North America v. McGee*, 163 Tex. 412, 356 S.W.2d 666, p. 668, as follows:

"By this holding we do not intend to cast a shadow upon the trial judge. We have no doubt that the trial judge's integrity is of the highest. However, as Chief Justice Willie stated in the case of *Hodde v. Susan*, 58 Tex. 389, 395, 'It was the object of the Constitution to place judicial officers beyond the temptation which such circumstances would throw in their way.'

"The judiciary must not only attempt to give all parties a fair trial, but it must also try to maintain the trust and confidence of the public at a high level. Article 15 (in our case Art. 5, Sec. 11, Tex.Const. and Art. 30.01, V.A.C.C.P.) is one aid in accomplishing these aims. . . ."