Opinion filed July 16, 2015



In The

# Eleventh Court of Appeals

_____

## Nos. 11-13-00203-CR & 11-13-00204-CR

_____

## ANTHONY AUSTIN METTS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR29169 & CR29170**

## M E M O R A N D U M   O P I N I O N

Judge Robin Malone Darr found that Anthony Austin Metts had violated the terms of his community supervision for two deferred adjudications. In each case, Judge Darr revoked Appellant's community supervision, adjudicated Appellant guilty of sexual assault of a child, and sentenced Appellant to ten years' confinement. We affirm.

I. *Background Facts and Evidence at Revocation Hearing*

In both cases, Appellant pleaded guilty in 2004 to the second-degree felony of sexual assault of a child. The trial court deferred the adjudication of guilt and placed Appellant on community supervision for a period of ten years in each case.

As part of those proceedings, Judge Darr, who was an assistant district attorney at the time, represented the State at a hearing in which Appellant announced his acceptance of the State's offer of a plea bargain and waived his right to a trial by jury. The extent of Judge Darr's involvement at the hearing consisted of a single sentence, "Let me give you a waiver to sign." The entire hearing lasted approximately three minutes. In addition to this involvement, Judge Darr's signature appears on the "WAIVER OF TRIAL BY JURY" form in both causes, and her initials appear on the criminal docket sheet for a "plea agreement — jury waiver" hearing in cause no. CR29169. In addition, Elizabeth Byer and Laura Nodolf represented the State in all other proceedings in both cases.

The Midland County District Attorney moved to revoke Appellant's community supervision in 2013. At the revocation hearing, Appellant answered "true" to two allegations and testified concerning several others.

II. *Issues Presented*

In each appeal, Appellant asserts the same two issues. First, Appellant argues that Judge Darr's involvement in Appellant's original proceedings disqualified her from presiding over the revocation hearing, making the judgments void. Second, Appellant contends that the trial court violated his right to due process when it assessed punishment "based in part on alleged probation violations that either it found to be not true or the State did not prove by a preponderance of the evidence."

### III. *Analysis*

#### A. Issue One: Disqualification

A judge is disqualified by statute from presiding over any case "where [she] has been of counsel for the State." TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006). Similarly, a judge is disqualified under the Texas Constitution if she has "been counsel in the case." TEX. CONST. art. V, § 11. This ensures "that criminal justice [is] administered free from bias or the appearance of bias." *Whitehead v. State*, 273 S.W.3d 285, 288 (Tex. Crim. App. 2008).

The constitutional and statutory grounds for disqualification of a judge are mandatory and exclusive. TEX. CONST. art. V, § 11; CRIM. PROC. art. 30.01; *Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987). We have found no authority, and none is cited by the State, that precludes these issues from being raised for the first time on appeal.[1] Therefore, we assume, without deciding, that Appellant may raise his objections for the first time on appeal.

Under Article 30.01 and the relevant constitutional provisions, a judge is clearly disqualified if she "actively participated in the preparation of the case against the defendant." *Gamez*, 737 S.W.2d at 319. But the constitutional and statutory prohibition "against a judge hearing a case in which [she] has acted as counsel requires that [she] *actually have participated in the very case* which is before [her]." *Id.* (citing *Holifield v. State*, 538 S.W.2d 123 (Tex. Crim. App. 1976)). The proponent for disqualification must put forth "an affirmative showing" that the judge "actively [took] part in the conviction." *Carter v. State*, 496 S.W.2d 603, 604 (Tex.

---

[1]We note that these issues may not be raised for the first time in a habeas corpus proceeding under Section 11.07 of the Texas Code of Criminal Procedure. CRIM. PROC. art. 11.07 (West 2015); *Ex parte Richardson*, 201 S.W.3d 712, 714 (Tex. Crim. App. 2006); *see also Davis v. State*, 956 S.W.2d 555 (Tex. Crim. App. 1997) (outlined difference between court's jurisdiction and a judicial disqualification challenged under constitutional or statutory grounds).

Crim. App. 1973) ("an affirmative showing"); *Murphy v. State*, 424 S.W.2d 231, 233 (Tex. Crim. App. 1968) ("actively [took] part in the conviction").

The Court of Criminal Appeals has held that active participation includes signing several forms, reviewing and investigating a case file and making a recommendation for punishment, or helping prepare a case for trial. *Ex parte Miller*, 696 S.W.2d 908, 910 (Tex. Crim. App. 1985) (holding that signing an application for jury waiver, a plea-bargain agreement, an agreed motion to modify probation, and a first motion to adjudicate guilt, *together* constituted active participation), *overruled on other grounds by Ex parte Richardson*, 201 S.W.3d at 712–13 (holding that, at habeas proceeding, collateral attack of disqualification requires preservation at trial level); *Lee v. State*, 555 S.W.2d 121, 125 (Tex. Crim. App. 1977) (review and recommend punishment); *Prince v. State*, 252 S.W.2d 945, 946–47 (Tex. Crim. App. 1952) (help prepare case).

Conversely, the Court of Criminal Appeals has held that a perfunctory act, a typed name on a docket sheet alone, and a lack of evidence that the judge "actually investigated, advised or participated in [the] case in any way" are not enough to show active participation. *Gamez*, 737 S.W.2d at 319–20 (holding that rubber-stamping a signature is a perfunctory act that does not fall within the meaning of "'counsel in the case' as contemplated by either the constitutional or statutory provision"); *Carter*, 496 S.W.2d at 603–04 (docket sheet); *Rodriguez v. State*, 489 S.W.2d 121, 123 (Tex. Crim. App. 1972) (failure to investigate, advise, or participate).

Nothing in the record affirmatively shows that Judge Darr reviewed or investigated Appellant's case or gave any recommendation as to his punishment, as was shown in *Lee*. *See Lee*, 555 S.W.2d at 125. In addition, nothing in the record proved that Judge Darr helped prepare the case for trial in any way, which distinguishes this case factually from *Prince*. *See Prince*, 252 S.W.2d at 946–47. Furthermore, Judge Darr's actions amounted to even less involvement than the

4

judge's actions in *Miller*; the judge in *Miller*, while he served as an assistant district attorney, signed several forms in addition to a jury waiver form. *See Miller*, 696 S.W.2d at 910. Instead, Appellant's case is more similar to *Gamez*, where the judge simply stamped his name, as an assistant district attorney, to help a fellow assistant district attorney with documentation in the case. *See Gamez*, 737 S.W.2d at 319–20. The judge in *Gamez* testified that the form, which was stamped with his signature, was printed and filled out but that the handwriting on the form was not his handwriting. *Id.* at 318. Similarly, the form in Appellant's case is printed, and Appellant's name and the case number are handwritten on the form. However, we have no evidence of whose handwriting appeared on the form. Additionally, Byer or Nodolf represented the State at all other hearings and signed all other forms.

Although Judge Darr's initials appear on the docket sheet and she represented the State at a hearing, the record shows that she simply handed a form to Appellant and signed that form on behalf of the State. These actions are perfunctory because, oftentimes, attorneys in a district attorney's office will have to fill in for each other in cases without having investigated the case personally, especially in counties with larger case dockets, multiple courts, and multiple assistant district attorneys. *See id.* Although Judge Darr appeared in court for three minutes, handed Appellant a form, and signed that form, she did not actively participate in his conviction. *See Miller*, 696 S.W.2d at 910. Appellant has not affirmatively shown in the record that Judge Darr actively took part in his conviction. *See Carter*, 496 S.W.2d at 604; *Murphy*, 424 S.W.2d at 233. Judge Darr's actions did not make her "counsel in the case" as contemplated by the Texas Constitution or the Texas Code of Criminal Procedure. *See Gamez*, 737 S.W.2d at 319–20. Judge Darr's actions did not disqualify her from presiding over Appellant's revocation hearing, and the judgments are not void. We overrule Appellant's first issue in each appeal.

*B. Issue Two: Due Process Violation*

Appellant argues that the trial court violated his rights to due process when it assessed punishment based on certain probation violations. Appellant specifically "does not challenge the sufficiency of the evidence to adjudicate his guilt" and concedes that the evidence is sufficient. Rather, Appellant challenges the punishment itself.

"After an adjudication of guilt, all proceedings, including assessment of punishment, . . . continue as if the adjudication of guilt had not been deferred." CRIM. PROC. art. 42.12, § 5(b) (West Supp. 2014). A trial court may assess the full range of punishment for the underlying charge upon an adjudication of guilt after revoking community supervision. *See Buerger v. State*, 60 S.W.3d 358, 365–66 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Cabezas v. State*, 848 S.W.2d 693, 695 (Tex. Crim. App. 1993)). Sexual assault of a child is a second-degree felony punishable by imprisonment for a term of not less than two years or more than twenty years. TEX. PENAL CODE ANN. §§ 12.33(a), 22.011(f) (West 2011).

We review the assessment of punishment by a trial court under an abuse of discretion standard. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, if a sentence falls within the proper range of punishment, we will not disturb that ruling on appeal. *Id.* We will not reverse based upon an abuse of discretion in the absence of harm. *Id.* Appellant erroneously assumes that the trial court based its sentences on the violations of the terms of his community supervision. In actuality, the trial court based its sentences on Appellant's original charge—sexual assault of a child. *See Buerger*, 60 S.W.3d at 365–66. The trial court stated that it adjudicated Appellant "guilty of sexual assault in both of these cases." The trial court did not abuse its discretion when it sentenced Appellant to imprisonment for ten years, a term within the range set forth by the legislature for sexual assault of

6

a child.  *See* PENAL § 12.33(a); *Jackson*, 680 S.W.2d at 814.  We overrule Appellant's second issue in each appeal.

IV.  *This Court's Ruling*

We affirm the judgments of the trial court.


MIKE WILLSON

JUSTICE

July 16, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.