## JIM OXFORD v. THE STATE.

No. 3531.    Decided February 7, 1906.

**1.—Local Option—Agent—Commission—Sufficiency of Evidence.**

Where upon a trial for a violation of the local option law the evidence showed that the defendant was the agent of a liquor dealer and ordered whisky for parties in a local option territory from said dealer on which defendant received a commission if parties took the whisky, and that defendant received a dollar from prosecutor to pay out whisky in the express office which had been ordered for another party who had failed to take it out, and delivered same to prosecutor. Held that the evidence sustained a conviction, although defendant claimed he got no commission on such whisky.

**2.—Same—Jurisdiction—Transfer of Case—Disqualification of Judge—Ministerial Act.**

Upon a trial for the violation of the local option law where the record showed that the district judge who transferred the case to the county court was related to defendant within third degree, there was no error, as such act was merely ministerial.

Appeal from the County Court of Erath. Tried below before Hon. M. J. Thompson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Eli Oxford,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, his punishment fixed at a fine of $25 and twenty days confinement in the county jail; hence this appeal. The case was tried by the court without the intervention of a jury, and the sole question is the sufficiency of the evidence to sustain the verdict. The evidence shows that Jim Oxford was the agent of Bennett, a liquor dealer of Fort Worth; that he lived in Erath County, a local option county, and ordered whisky for parties from Bennett at Fort Worth, on which he got a commission of 15 per cent., where the parties took the whisky out of the express office, but nothing if they did not take it out. It appears that H. L. Snap wanted some whisky, and

Vol. 49 Crim.—21.

he inquired of Jim Oxford if he knew where he could get any. Appellant told him that Jim Simmons had a gallon at the depot; and that Simmons said if the boys wanted any, and would take it out, that he would go up and get the whisky out. Snap gave Oxford a dollar, and told him to get him a quart of the whisky. He afterwards returned with the quart, and said he got it from Jim Simmons. Appellant testified that he brought the whisky to Snap; that Snap gave him a dollar, and he went and got the whisky out; or that he paid Jim Simmons a dollar, and Jim Simmons got the whisky out of the express office and gave him a quart for Snap, which he carried to Snap. Snap gave him a drink of the whisky. That he made no profit out of this whisky. The contention of the State is, that this whisky having been ordered by Oxford from Bennett at Fort Worth, and the testimony showing that he got a commission of 15 per cent. on all whisky taken out of the express office, but got nothing where the whisky was not taken out but returned to the consignor, that under the terms of his agreement he was interested in the sale of this whisky; and the court having so found the testimony is sufficient to maintain his finding. It occurs to us that this contention is correct. Oxford ordered this whisky for Simmons. Simmons did not have the money to take it out; and it seems that this information was imparted to Oxford, for when he was inquired of by Snap, he informed Snap that Simmons had the whisky there, and if the boys would make up enough to take it out he would let them have it; and he procured a dollar from Snap, and in this respect assisted Simmons in making the sale to Snap. He was interested in that sale because, as shown by the record, on all whisky ordered by him for parties and taken out of the express office he got a commission. Notwithstanding he states in general terms that he got no commission on that particular whisky, by the terms of his agreement, he was entitled to a commission. We believe the court was justified in finding appellant guilty. The judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 23, 1906.

HENDERSON, JUDGE.—Appellant in his motion for rehearing insists the case should be reversed because the county court, to which it was referred, had no jurisdiction to try the case; that the transfer of said case from the district to the county court having been made by the district judge, W. J. Oxford, whom it is shown was related to appellant within the third degree, was void. While the facts are conceded, we hold that this motion is not well taken, because article 471, Code Criminal Procedure, as we construe it, makes the transfer of cases over which the district court has no jurisdiction, a matter of course, and the duty of the judge is merely ministerial. A judge though disqualified to try the case is authorized to receive an indictment in such case, and to make necessary preliminary orders. Cock v. State,

8 Texas Crim. App., 659. We hold that the district judge, notwithstanding his relationship to appellant, was authorized to transfer said case to a court having jurisdiction thereof. The motion is accordingly overruled.

*Overruled.*