L. H. KOLL V. THE STATE.

No. 21751. Delivered November 5, 1941.
State's Motion for Rehearing Overruled (Without Written Opinion) January 7, 1942.

The opinion states the case.

*Fred C. Varner, Jr.,* and *G. C. Harney,* both of Sherman, for appellant.

*Ralph Elliott,* Criminal District Attorney, of Sherman, *Charles Gullett,* Assistant Cr. District Attorney, of Denison, *R. S. Watson,* Assistant Criminal District Attorney, of Whitesboro, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is murder; the punishment, death.

The jurisdiction of the Fifty-ninth District Court of Grayson County, in which this case was tried, to render the judgment of conviction is challenged.

Grayson County, where the offense was alleged to have been committed on December 20th, 1940, is situated in two Judicial Districts, the Fifteenth and the Fifty-ninth. As to said county, said courts have concurrent jurisdiction. Cases pending upon the docket of each court may be transferred to the other, at the discretion of the judge thereof, and to effectuate which, an order to that effect upon the minutes of the court making the transfer is all that is necessary or required, as provided in Article 199, Revised Civil Statutes, as follows:

"The District Courts of the Fifteenth and Fifty-ninth Judicial Districts, in the County of Grayson, shall have concurrent jurisdiction with each other throughout the limits of Grayson County of all matters civil and criminal of which jurisdiction is given to the District Courts by the Constitution and laws of this State; provided, that the Judge of the Fifty-ninth Judicial District may impanel the Grand Jury in Grayson County when, in the discretion of said Court, it is deemed by him proper so to do he may draw and impanel such Grand Jury for any terms of his Court as provided by law for other District Courts for impaneling Grand Juries. Either of the Judges of District Court of Grayson County may, in their discretion, either in term time or in vacation, transfer any case or cases, civil or criminal that may at any time be pending in his Court, to the other District Court in Grayson County, by order or orders entered upon the minutes of the Court making such transfer; and where such transfer or transfers are made the Clerk of said Court shall enter such case or cases upon the dockets of the Court to which such transfer or transfers are made, and when so entered upon the docket, the Judge of said Court shall try and dispose of said cases in the same manner as if such cases were originally in said Court. The Clerk of the District Court of Grayson County, as heretofore constituted, and his successor in office shall be the Clerk of both the Fifteenth and Fifty-ninth District Courts in said Grayson County, and shall perform all the duties pertaining to the clerkship of both of said Courts."

At the time of the commission of the alleged offense, the Honorable R. C. Slagle, Jr., was the duly elected, qualified and acting Criminal District Attorney of Grayson County, and as such officer represented the State in personally conducting all or a part of the investigation incident to the alleged crime, up until January 1st, 1941, at which time he duly qualified as, and became the Judge of, the Fifteenth Judicial District, having been elected to that office at the previous November General Election.

A regular term of the Fifteenth District Court convened on the First Monday in January, 1941, with the said R. C. Slagle, Jr., as the Judge thereof presiding, who, on the same day, duly organized and impaneled a grand jury. On January 8th, 1941, that grand jury returned the indictment in this case.

On January 14th, 1941, Judge Slagle transferred the case to the Fifty-ninth District Court by the following order:

"THE STATE OF TEXAS | IN THE 15TH DISTRICT COURT
V. NO. 23932 | OF
L. H. KOLL | GRAYSON COUNTY, TEXAS.

"THE STATE OF TEXAS | JANUARY 14, 1941.
"COUNTY OF GRAYSON |

"On this day the following entitled and numbered cause were transferred to the Honorable 59th District Court.

"(Signed) R. C. Slagle, Jr.
"J u d g e"

The case, upon being so transferred to the Fifty-ninth District Court, came on for trial before the Honorable Tom Suggs, Judge Presiding, when appellant filed and presented a motion attacking the jurisdiction of that court, alleging that the jurisdiction of the offense was in the Fifteenth District Court. Appellant's contention in this respect may be stated as follows: That Judge Slagle, having been of counsel for the State, in the case, was disqualified, under the Constitution and laws of this State, from sitting as a judge in the case, and that the order transferring the case was such an act as constituted his sitting in the case. The motion being overruled, appellant excepted and the trial proceeded to judgment of conviction. The constitutional

provision referred to is contained in Art. 5, Sec. 11, Constitution of Texas, which reads as follows:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case. When the Supreme Court, the Court of Criminal Appeals, the Court of Civil Appeals, or any member of either, shall be thus disqualified to hear and determine any case or cases in said court, the same shall be certified to the Governor of the State, who shall immediately commission the requisite number of persons learned in the law for the trial and determination of such cause or causes. When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law.

"And the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law. This qualification of judges of inferior tribunals shall be remedied and vacancies in their offices filled as may be prescribed by law."

The statute upon the subject is Art. 552, Code of Criminal Procedure of this State, which reads as follows:

"No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree." Under these authorities, it is clear that a judge is prohibited from sitting in any case "when he shall have been counsel in the case."

Two questions are thus here presented for our determination:

1. Was Judge Slagle disqualified by reason of having been counsel for the State in the case?

2. Did the order of transfer constitute such a judicial act on his part as was within the constitutional and statutory inhibition?

A negative answer to either of these questions would render untenable appellant's contention. If each of these questions is to be answered in the affirmative, then the Fifty-ninth District Court was without jurisdiction of the case and the order of transfer was void, rendering the judgment of conviction a nullity.

As to the first question, it is not disputed in this record but that Judge Slagle, while district attorney, acted as counsel for the State in this case. The bill of exception upon this subject certifies to facts which show that he, as the district attorney, did in fact actively participate in the investigation and preparation of the case as counsel for the State, prior to his qualifying as judge. These facts were established and so certified by and as a result of a stipulation of the parties to that effect.

It follows, therefore, that Judge Slagle was in fact disqualified from sitting in or acting in the capacity of a judge in this case. See: Terry v. State, 24 S. W. 510; Patterson v. State, 202 S. W. 88, 83 Tex. Cr. R. 169.

The pivotal question presented, then, is whether the act of Judge Slagle in transferring the case was such a judicial act as he was prohibited, by reason of his disqualification, from performing. The distinction between what is or is not a judicial act within the inhibition of the constitution seems now to be definitely established and is to the effect that a disqualified judge may perform any and all acts as are ministerial, and is prohibited from performing any and all acts that call for the exercise of a judicial discretion by him. 25 Tex. Jur., Page 298, Sec. 53; Wallace v. State, 138 S. W. (2d) 116, 138 Tex. Cr. R. 625. As coming within the term "ministerial act," we find that a judge may, in a case in which he is disqualified, enter the following orders: He may make orders preliminary to the trial of the case (Cock v. State, 8 Tex. App. 659); he may transfer such a case to a court having jurisdiction thereof (Oxford v. State, 94 S. W. 463, 49 Tex. Cr. R. 321); he may set such a case for trial (Taylor v. State, 195 S. W. 1147, 81 Tex. Cr. R. 359); (Gilbreth v. State, 63 S. W. (2d) 560, 124 Tex. Cr. R. 465); he may reinstate a case which has been improperly dismissed (Garrett v. Gaines, 6 Tex. 435); he may receive the report of the grand jury, embracing an indictment, upon the trial of which he would be disqualified from sitting as trial

judge; and this is especially true in the absence of any challenge in limine (Cock v. State, supra).

Acts constituting an exercise of judicial discretion and, therefore, prohibited have been announced in the following instances: changing the venue of the case (Patterson v. State, supra); drawing the venire (Taylor v. State, supra); approving an appeal bond (Wallace v. State, supra); and such other acts in civil cases as shown by the cases collated under Sec. 54, Page 301, 25 Tex. Jur. These adjudicated cases but furnish specific instances which have been held to constitute ministerial and discretionary acts on the part of a judge. None of these, however, are directly controlling in the instant case.

Various definitions have been given and language employed to define the meaning of the term "discretion," as applied to the acts of a judge or the judiciary. No fixed or set rule appears to be all-sufficient. As applied to the instant case, and as used in the statute here under consideration, it appears that the definition of that term as shown in 27 Corpus Juris Secundum, Discretion, 135, is sufficient, where it is defined as follows:

"In a broad sense, the option which a judge may exercise either to do or not to do that which is proposed to him that he shall do; choosing between the doing and not doing of a thing, the doing of which cannot be demanded as an absolute right of the party asking it to be done; the exercise of the right legally to determine between two or more courses of action."

Applying that definition here, we find nothing in the statute that made it incumbent upon Judge Slagle to transfer this or any other case from his court to that of the Fifty-ninth District. Nor can it be said that any litigant in either of the two courts had the right, for any reason, to demand that a case be transferred from one of the courts to the other. Such being true, it inevitably follows that, under this statute, the transfer of cases was alone at the option of the judge. If he elected to transfer a case, he could do so. If he did not so elect, he could not be required to do so. A review of his action in either event would be limited to a determination of whether the judge had abused his discretion.

The conclusion is inescapable that, under the authority of the statute here under consideration, a case transferred from one of the District Courts of Grayson County to the other

was the result of the exercise of a judicial discretion by the judge making the transfer. It follows that if the transfer of this case was by virtue of the authority conferred by the statute mentioned, it was the result of the exercise of a judicial discretion by Judge Slagle.

Inasmuch as the order of transfer does not upon its face show that it was made by virtue of the power conferred by the statute mentioned, it becomes material to ascertain if there be other statutory ground or rule whereby the transfer of the case might be sustained. The statute relative the change of venue of cases for trial may not be looked to, for a change of venue contemplates a transfer of the case to a different locale; that is, a transfer to another and a different county than that in which the case is pending. Here the transfer was from one court to another, in the same county. The transfer of this case, then, was not a change of venue. We are not to be understood as suggesting that a change of venue might be made by a disqualified judge, in which instance the question of waiver might arise.

The transfer of this case cannot be sustained under the doctrine of necessity, that is, that it was necessary to the ends of justice in order that the case might be brought to trial before a qualified judge. To guard against such contingency, the Legislature passed Art. 553, C. C. P., reading as follows:

"Whenever any case is pending in which the district judge or criminal district judge is disqualified from trying the same, no change of venue shall be made necessary thereby; but the judge presiding shall certify that fact to the Governor, whereupon the Governor shall designate some district judge in an adjoining district to exchange and try such case. The Governor shall notify both judges of such order, and said judges shall exchange districts for the purpose of disposing of such case. In case of sickness or other reasons rendering it impossible to exchange, then the parties or their counsels shall have the right to agree upon an attorney of the court for the trial thereof. If said judges shall be prevented from exchanging districts and the parties and their counsels shall fail to agree upon an attorney of the court for a trial thereof, that fact shall be certified to the Governor by either judge, whereupon the Governor shall appoint a person legally qualified to act as judge in the trial of the case."

Under this statute, express provision is made for the trial of cases in which the regularly elected judge is disqualified. It furnishes no authority for a transfer of the case to some other court.

From what we have said, the conclusion is reached, and we hold, that the transfer of this case was authorized only by virtue of the power and authority conferred by the statute mentioned; and that, in making such transfer, Judge Slagle exercised a discretion resting in him as Judge of the Fifteenth District Court.

Each of the two questions heretofore set out must be answered in the affirmative.

When the indictment in this case was returned into the Fifteenth District Court, the jurisdiction of that court then attached over the offense there charged, to the exclusion of all other courts of equal or concurrent jurisdiction, under the provisions of Art. 64, C. C. P.; Ringer v. State, 121 S. W. (2d) 364, 135 Tex. Cr. R. 573. Jurisdiction of that court having so attached, it so remains until legally terminated, which has not occurred.

From what we have said, it follows that the order transferring this case from the Fifteenth District Court to the Fifty-ninth District Court was made in contravention of the laws of this State and was, therefore, void; that the Fifty-ninth District Court has never acquired jurisdiction of the offense; and that jurisdiction of the offense charged is in the Fifteenth District Court, where it has at all times remained.

In reaching the conclusion here expressed, we are not unmindful that this record fails to reflect that the appellant was prejudiced to his injury by the mere fact that he was tried in the Fifty-ninth District Court rather than in the Fifteenth District Court. Both courts are domiciled and sit for the transaction of business in the same county, city and courthouse, with only a hall or corridor separating the two court rooms. In addition to this, the order of transfer would have been valid, and the Fifty-ninth District Court would have acquired jurisdiction of the case, had it been made by the Judge of the Fifty-ninth District Court sitting for and as the Judge of the Fifteenth District Court, under the Administrative Judicial Act. Article 200a, Revised Civil Statutes. On the other hand, if

this judgment of conviction should be affirmed under the record as here presented and the conclusion reached by us, the appellant would suffer the penalty of death, under the semblance of law, by officers acting by virtue of the judgment of a court that was without legal authority to so decree. That this should happen in this land of ours is unthinkable.

The question confronting us is not materially different from that which was before the Supreme Court of the United States almost seventy-five years ago in the case of Ex parte Milligan, 71 U. S. (4 Wall.) 2, 18 L. Ed. 281. There the accused had been condemned to suffer the penalty of death by the judgment of a Military Commission. Milligan challenged the jurisdiction of that court. In the opinion sustaining such contention and ordering Milligan's discharge, we find language which we deem pertinent here, as follows:

"Had this tribunal (Military Commission) the legal power and authority to try and punish this man?

"No graver question was ever considered by this court, nor one which more nearly concerns the rights of the whole people; for it is the birthright of every American citizen when charged with crime, to be tried and punished according to law. The power of punishment is alone through the means which the laws have provided for that purpose, and if they are ineffectual, there is an immunity from punishment, no matter how great an offender the individual may be, or how much his crimes may have shocked the sense of justice of the country, or endangered its safety. By the protection of the law human rights are secured; withdraw that protection, and they are at the mercy of wicked rulers, or the clamor of an exicited people. If there was law to justify this military trial, it is not our province to interfere; if there was not, it is our duty to declare the nullity of the whole proceedings."

The judgment of the trial court is reversed and the cause remanded, with instruction to transfer the case to the Fifteenth District Court of Grayson County.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.