NO. 07-04-0295-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 27, 2004



______________________________




EX PARTE ALBERTO PACHECO



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Alberto Pacheco has filed a Petition for Habeas Corpus with the clerk of
this court, although the caption of the petition references the Court of Criminal Appeals. 
In the petition, appellant seeks relief from his allegedly illegal restraint in the Texas
Department of Criminal Justice-Institutional Division, pursuant to his conviction and
sentence in cause number 42881-B in the 181st District Court of Potter County. 

 Under article 11.07 of the Code of Criminal Procedure, the Court of Criminal Appeals
has exclusive authority to release from confinement persons who have been finally
convicted of noncapital felonies. See Tex. Crim. Proc. Code Ann. art.11.07 (West
Supp.2004) (post-conviction habeas corpus procedure in noncapital cases); Hoang v.
State, 872 S.W.2d 694, 697 (Tex.Crim.App.1993).

 We dismiss for want of jurisdiction. See Watson v. State, 96 S.W.3d 497, 500
(Tex.App--Amarillo 2002, pet. ref'd). 


 Phil Johnson

 Chief Justice





 


 


, followed
the terms of appellant's plea bargain with the State and assessed the probated sentence
referenced above. Then, in September 2000, the State filed a "Motion to Proceed to
Adjudication" in the 64th District Court. In December, Judge Ed Self approved an "Agreed
Order Modifying Probation" extending appellant's probation for one year. In January 2002,
the State again moved to proceed to adjudication in the 64th, and an "Agreed Order
Modifying Probation" was approved by Judge Self. Finally, in January 2003, the State
moved to adjudicate appellant in the 64th District Court; and the judgment was signed by
Judge Self on March 6, 2003, and appellant was sentenced to 10 years confinement. 

 Presenting only one issue, appellant asserts "[t]he judgment of the trial court placing
[him] on deferred adjudication and the subsequent judgment adjudicating [him] guilty of
unlawful possession of marijuana are void because the trial court's jurisdiction in the
original proceeding was defective." Appellant does not contend that Judge Self was
disqualified, that improper venue resulted from the transfer or that the 64th District Court did
not have subject matter jurisdiction, but instead contends that because Marshall was
disqualified from presiding, he did not have the authority to transfer the case to the 64th
District Court where he was convicted, and therefore, because the 64th District Court never
acquired "jurisdiction over the case and over Appellant, the judgment of conviction in this
case is void." We disagree.

 The Texas Constitution and the Code of Criminal Procedure address disqualification
of judges. Article V, section 11 of the Constitution provides that:

 [no] judge shall sit in any case wherein he may be interested,
or where either of the parties may be connected with the judge,
either by affinity or consanguinity, within such a degree as may
be prescribed by law, or when the judge shall have been
counsel in the case. . . . When a judge of the District Court is
disqualified by any of the causes stated above, the parties
may, by consent, appoint a proper person to try said case; or
upon their failing to do so, a competent person may be
appointed to try the same in the county where it is pending, in
such manner as may be prescribed by law. 

 And the District Judges may exchange districts, or hold courts
for each other when they may deem it expedient, and shall do
so when required by law. This disqualification of judges of
inferior tribunals shall be remedied and vacancies in their
offices filled as may be prescribed by law.


 


 Under the Code, a judge is disqualified when he: (1) is the injured party; (2) has been
counsel for the accused or the State; or (3) is related to the defendant or complainant by
affinity or consanguinity within the third degree. Tex. Code Crim. Proc. Ann. art. 30.01
(Vernon Supp. 2004-05). The grounds for disqualification of a judge announced in the
Constitution and Code of Criminal Procedure are exclusive. Vargas v. State, 883 S.W.2d
256, 259 (Tex.App.-Corpus Christi 1994, pet. ref'd). 

 Although a constitutional disqualification deprives a trial judge of the authority to "sit
in any case wherein he may be interested," a judge may make orders preliminary to the trial
of the case and transfer such a case to a court having jurisdiction thereof. Koll v. State,
143 Tex. Crim. 104, 157 S.W.2d 377 (1941). Further, because Judge Marshall's
disqualification was mandatory and not subject to his discretion, the transfer of the case
was not void. See Blanchard v. Krueger, 916 S.W.2d 5, 19 (Tex.App.--Houston [14th Dist.]
1995, no pet.) (holding that disqualification of a judge renders any order involving judicial
discretion to be void). 

 Appellant also argues that because of the disqualification, the judge should have
followed the procedure set out in Rule 18a(c) of the Texas Rules of Civil Procedure to
secure the designation of a qualified judge to preside. However, errors involving the
violation of a statutory procedure and errors involving rules of procedure do not make the
act void, but only voidable. See Davis v. State, 956 S.W.2d 555, 559 (Tex.Cr. App. 1997). 



 Moreover, even if failure to proceed according to Rule 18a(c) was error, our harm
analysis of the error is conducted pursuant to Rule 44.2(a) of the Texas Rules of Appellate
Procedure. Although it would have been a better practice if Judge Marshall had proceeded
to give notice of his disqualification per Rule 18a(c), considering that a change in venue did
not result, that appellant does not contend that Judge Self was disqualified or subject to
recusal and appellant's plea of guilty based upon a plea bargain, we conclude beyond a
reasonable doubt that the order of transfer did not contribute to appellant's conviction or
punishment. Appellant's sole issue is overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 


Do not publish.