NO. 07-03-0258-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 25, 2005

_____


RICHARD EUGENE SMOTHERMON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. 21069212; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

Following appellant Richard Eugene Smothermon's plea of guilty to possession of marihuana, the trial court deferred further proceedings, placed him on probation for eight years, and assessed a $2,000 fine. In a subsequent adjudication proceeding, appellant plead not true to the allegations contained in the motion to proceed, but the trial court found

them to be true and sentenced him to ten years confinement. Presenting one issue, appellant contends the underlying order placing him on deferred adjudication was void, thus invalidating his subsequent conviction and prison sentence. We affirm.

In December of 1992, Marvin F. Marshall, a prosecutor in the Castro County District Attorney's Office, presented the case against appellant to the Grand Jury for the 242nd District of Castro County, and the Grand Jury returned an indictment. On January 14, 1993, Marshall, then as Judge of the 242nd District Court, signed an "Order to Transfer" of appellant's case from that court to the 64th District Court also of Castro County. As reasons for the transfer, the order recited, "I presented the case to the Grand Jury and also testified before them concerning this case." In August, Jack R. Miller, Judge of the 64th, followed the terms of appellant's plea bargain with the State and assessed the probated sentence referenced above. Then, in September 2000, the State filed a "Motion to Proceed to Adjudication" in the 64th District Court. In December, Judge Ed Self approved an "Agreed Order Modifying Probation" extending appellant's probation for one year. In January 2002, the State again moved to proceed to adjudication in the 64th, and an "Agreed Order Modifying Probation" was approved by Judge Self. Finally, in January 2003, the State moved to adjudicate appellant in the 64th District Court; and the judgment was signed by Judge Self on March 6, 2003, and appellant was sentenced to 10 years confinement.

Presenting only one issue, appellant asserts "[t]he judgment of the trial court placing [him] on deferred adjudication and the subsequent judgment adjudicating [him] guilty of

unlawful possession of marijuana are void because the trial court's jurisdiction in the original proceeding was defective." Appellant does not contend that Judge Self was disqualified, that improper venue resulted from the transfer or that the 64th District Court did not have subject matter jurisdiction, but instead contends that because Marshall was disqualified from presiding, he did not have the authority to transfer the case to the 64th District Court where he was convicted, and therefore, because the 64th District Court never acquired "jurisdiction over the case and over Appellant, the judgment of conviction in this case is void." We disagree.

The Texas Constitution and the Code of Criminal Procedure address disqualification of judges. Article V, section 11 of the Constitution provides that:

> [no] judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or *when the judge shall have been counsel in the case*. . . . When a judge of the District Court is disqualified by any of the causes stated above, the parties may, by consent, appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law.
>
> And the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law. This disqualification of judges of inferior tribunals shall be remedied and vacancies in their offices filled as may be prescribed by law.

Under the Code, a judge is disqualified when he: (1) is the injured party; (2) has been counsel for the accused or the State; or (3) is related to the defendant or complainant by affinity or consanguinity within the third degree. Tex. Code Crim. Proc. Ann. art. 30.01 (Vernon Supp. 2004-05). The grounds for disqualification of a judge announced in the Constitution and Code of Criminal Procedure are exclusive. Vargas v. State, 883 S.W.2d 256, 259 (Tex.App.–Corpus Christi 1994, pet. ref'd).

Although a constitutional disqualification deprives a trial judge of the authority to "sit in any case wherein he may be interested," a judge may make orders preliminary to the trial of the case and transfer such a case to a court having jurisdiction thereof. Koll v. State, 143 Tex. Crim. 104, 157 S.W.2d 377 (1941). Further, because Judge Marshall's disqualification was mandatory and not subject to his discretion, the transfer of the case was not void. See Blanchard v. Krueger, 916 S.W.2d 5, 19 (Tex.App.--Houston [14th Dist.] 1995, no pet.) (holding that disqualification of a judge renders any order involving judicial discretion to be void).

Appellant also argues that because of the disqualification, the judge should have followed the procedure set out in Rule 18a(c) of the Texas Rules of Civil Procedure to secure the designation of a qualified judge to preside. However, errors involving the violation of a statutory procedure and errors involving rules of procedure do not make the act void, but only voidable. See Davis v. State, 956 S.W.2d 555, 559 (Tex.Cr. App. 1997).

4

Moreover, even if failure to proceed according to Rule 18a(c) was error, our harm analysis of the error is conducted pursuant to Rule 44.2(a) of the Texas Rules of Appellate Procedure. Although it would have been a better practice if Judge Marshall had proceeded to give notice of his disqualification per Rule 18a(c), considering that a change in venue did not result, that appellant does not contend that Judge Self was disqualified or subject to recusal and appellant's plea of guilty based upon a plea bargain, we conclude beyond a reasonable doubt that the order of transfer did not contribute to appellant's conviction or punishment. Appellant's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.