NO. 07-03-0258-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 25, 2005



______________________________




RICHARD EUGENE SMOTHERMON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;



NO. 21069212; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 Following appellant Richard Eugene Smothermon's plea of guilty to possession of
marihuana, the trial court deferred further proceedings, placed him on probation for eight
years, and assessed a $2,000 fine. In a subsequent adjudication proceeding, appellant
plead not true to the allegations contained in the motion to proceed, but the trial court found
them to be true and sentenced him to ten years confinement. Presenting one issue,
appellant contends the underlying order placing him on deferred adjudication was void, thus
invalidating his subsequent conviction and prison sentence. We affirm. 

 In December of 1992, Marvin F. Marshall, a prosecutor in the Castro County District
Attorney's Office, presented the case against appellant to the Grand Jury for the 242nd
District of Castro County, and the Grand Jury returned an indictment. On January 14,
1993, Marshall, then as Judge of the 242nd District Court, signed an "Order to Transfer" of
appellant's case from that court to the 64th District Court also of Castro County. As reasons
for the transfer, the order recited, "I presented the case to the Grand Jury and also testified
before them concerning this case." In August, Jack R. Miller, Judge of the 64th, followed
the terms of appellant's plea bargain with the State and assessed the probated sentence
referenced above. Then, in September 2000, the State filed a "Motion to Proceed to
Adjudication" in the 64th District Court. In December, Judge Ed Self approved an "Agreed
Order Modifying Probation" extending appellant's probation for one year. In January 2002,
the State again moved to proceed to adjudication in the 64th, and an "Agreed Order
Modifying Probation" was approved by Judge Self. Finally, in January 2003, the State
moved to adjudicate appellant in the 64th District Court; and the judgment was signed by
Judge Self on March 6, 2003, and appellant was sentenced to 10 years confinement. 

 Presenting only one issue, appellant asserts "[t]he judgment of the trial court placing
[him] on deferred adjudication and the subsequent judgment adjudicating [him] guilty of
unlawful possession of marijuana are void because the trial court's jurisdiction in the
original proceeding was defective." Appellant does not contend that Judge Self was
disqualified, that improper venue resulted from the transfer or that the 64th District Court did
not have subject matter jurisdiction, but instead contends that because Marshall was
disqualified from presiding, he did not have the authority to transfer the case to the 64th
District Court where he was convicted, and therefore, because the 64th District Court never
acquired "jurisdiction over the case and over Appellant, the judgment of conviction in this
case is void." We disagree.

 The Texas Constitution and the Code of Criminal Procedure address disqualification
of judges. Article V, section 11 of the Constitution provides that:

 [no] judge shall sit in any case wherein he may be interested,
or where either of the parties may be connected with the judge,
either by affinity or consanguinity, within such a degree as may
be prescribed by law, or when the judge shall have been
counsel in the case. . . . When a judge of the District Court is
disqualified by any of the causes stated above, the parties
may, by consent, appoint a proper person to try said case; or
upon their failing to do so, a competent person may be
appointed to try the same in the county where it is pending, in
such manner as may be prescribed by law. 

 And the District Judges may exchange districts, or hold courts
for each other when they may deem it expedient, and shall do
so when required by law. This disqualification of judges of
inferior tribunals shall be remedied and vacancies in their
offices filled as may be prescribed by law.


 


 Under the Code, a judge is disqualified when he: (1) is the injured party; (2) has been
counsel for the accused or the State; or (3) is related to the defendant or complainant by
affinity or consanguinity within the third degree. Tex. Code Crim. Proc. Ann. art. 30.01
(Vernon Supp. 2004-05). The grounds for disqualification of a judge announced in the
Constitution and Code of Criminal Procedure are exclusive. Vargas v. State, 883 S.W.2d
256, 259 (Tex.App.-Corpus Christi 1994, pet. ref'd). 

 Although a constitutional disqualification deprives a trial judge of the authority to "sit
in any case wherein he may be interested," a judge may make orders preliminary to the trial
of the case and transfer such a case to a court having jurisdiction thereof. Koll v. State,
143 Tex. Crim. 104, 157 S.W.2d 377 (1941). Further, because Judge Marshall's
disqualification was mandatory and not subject to his discretion, the transfer of the case
was not void. See Blanchard v. Krueger, 916 S.W.2d 5, 19 (Tex.App.--Houston [14th Dist.]
1995, no pet.) (holding that disqualification of a judge renders any order involving judicial
discretion to be void). 

 Appellant also argues that because of the disqualification, the judge should have
followed the procedure set out in Rule 18a(c) of the Texas Rules of Civil Procedure to
secure the designation of a qualified judge to preside. However, errors involving the
violation of a statutory procedure and errors involving rules of procedure do not make the
act void, but only voidable. See Davis v. State, 956 S.W.2d 555, 559 (Tex.Cr. App. 1997). 



 Moreover, even if failure to proceed according to Rule 18a(c) was error, our harm
analysis of the error is conducted pursuant to Rule 44.2(a) of the Texas Rules of Appellate
Procedure. Although it would have been a better practice if Judge Marshall had proceeded
to give notice of his disqualification per Rule 18a(c), considering that a change in venue did
not result, that appellant does not contend that Judge Self was disqualified or subject to
recusal and appellant's plea of guilty based upon a plea bargain, we conclude beyond a
reasonable doubt that the order of transfer did not contribute to appellant's conviction or
punishment. Appellant's sole issue is overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 


Do not publish.


 

 



onversation between Bueno and
appellant's wife does not alter the foundation proved as to the taped conversation actually
offered and admitted. Even if appellant had not waived the issue, we conclude that the trial
court did not abuse its discretion in admitting the tape into evidence. See Schneider, 951
S.W.2d at 863. Appellant's first issue is overruled. 

ISSUE TWO: INEFFECTIVE ASSISTANCE OF COUNSEL 

 Appellant next alleges that he was denied effective assistance of counsel pursuant
to the rights afforded him under the Sixth and Fourteenth Amendments to the United
States Constitution. He bases his issue on counsel's voir dire of the jury panel when trial
counsel failed to ask further questions of a veniremember whose response to a question
indicated that he could not be an unbiased juror. When appellant's counsel was
questioning the jury panel members on whether they could consider probation as a
punishment for someone convicted of selling drugs, counsel asked the panel "All said and
done, would you be able to do it, consider the evidence and not make up your mind until
the end?" After another panel member answered the question, appellant's counsel said
"Okay. Uh, thank you, Mr. Davis. Anybody else feel that way? Have a problem. Okay. 
Mr. Gilbreath." Gilbreath then stated, "I can't." Appellant's counsel then said "Okay. Mr.
Gilbreath, what's your occupation?" Gilbreath replied, "Bus driver." Appellant's counsel
asked no further questions of Gilbreath. Appellant urges that counsel's failing to follow up
on Gilbreath's answer and then allowing Gilbreath to serve on the jury resulted in manifest
harm because Gilbreath was, unquestionably, biased. We disagree with appellant's
proposition. 

 We are obligated to follow United States Supreme Court precedent on matters of
federal constitutional law. See Hernandez v. State, 988 S.W.2d 770, 771 (Tex.Crim.App.
1999). When confronted with an ineffective assistance of counsel claim, we apply the
two-pronged analysis set forth by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v.
State, 726 S.W.2d 53, 56-57 (Tex.Crim.App. 1986).

 Under the first prong of the Strickland test, an appellant must show that counsel's
performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that
counsel made errors so serious that counsel was not functioning as the 'counsel'
guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard,
an appellant "must show that counsel's representation fell below an objective standard of
reasonableness." Id. at 688. Under the second prong, an appellant must show that the
deficient performance prejudiced the defense. Id. at 687. The appropriate standard for
judging prejudice requires an appellant to "show that there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding would have been
different. A reasonable probability is a probability sufficient to undermine confidence in the
outcome." Id. at 694. Appellant must prove both prongs of Strickland by a preponderance
of the evidence in order to prevail. See Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App.
2000). Failure to make the required showing of either deficient performance or sufficient
prejudice defeats the ineffectiveness claim. See McFarland v. State, 928 S.W.2d 482, 500
(Tex.Crim.App. 1996). 

 Assuming, arguendo, that appellant's trial counsel's performance fell below an
objective standard of reasonableness in failing to ask further questions of Gilbreath,
appellant's suggestion that appellant was harmed because Gilbreath served on appellant's
jury fails because it is not supported by the record. Appellant has not referred us to any
part of the record to show that Gilbreath served on the jury. To the contrary, when the jury
was polled following the reading of its verdict by the trial judge, the record reflects that
Gilbreath was not one of the 12 jurors.

 Because appellant's argument is predicated on the allegation that Gilbreath served
on appellant's jury, and because this allegation is not supported by the record, appellant's
argument fails the second prong of the Strickland test. Accordingly, appellant's second
issue is overruled.ISSUE THREE: APPELLANT'S CHALLENGE OF 

JUROR GILBREATH FOR CAUSE


 By his third issue, appellant argues that the trial court erred in overruling appellant's
challenge of veniremember Gilbreath for cause. In urging this issue, appellant's brief
states that appellant's counsel was presenting a list of peremptory strikes to the trial court
when counsel brought Gilbreath's answer reflecting prejudice to the attention of the court. 
Appellant claims that he requested an additional peremptory strike with which to remove
Gilbreath from the jury, the request was denied, and Gilbreath served as part of the jury. 

 In order to preserve error and demonstrate harm from the overruling of a challenge
for cause, the appellant must show (1) that appellant exhausted all peremptory challenges,
(2) the denial of a request for additional peremptory challenges, and (3) that an
objectionable juror upon which appellant would have exercised a peremptory challenge
actually served on appellant's jury. See Bell v. State, 724 S.W.2d 780, 795 (Tex.Crim.App.
1986). 

 Appellant's suggestion that he was harmed by the trial court's overruling of
appellant's challenge of Gilbreath for cause is based on his assertion that Gilbreath served
on the jury. As we have previously noted, the record does not demonstrate that Gilbreath
served on appellant's jury. Therefore, even assuming, arguendo, that the trial court erred
in overruling a challenge for cause against Gilbreath, or in failing to grant another
peremptory strike, appellant was not harmed in the manner he urges: Gilbreath did not
serve on the jury. See Tex. R. App. P. 44.2(b). Appellant's third issue is overruled.

 Having overruled appellant's three issues, we affirm the judgment of the trial court.


 Phil Johnson

 Justice


Do not publish.
1. Further reference to the Texas Rules of Evidence will be by reference to "Rule
____."