NO. 07-04-0227-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 10, 2005

_____

GLENDA JOHNS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A13158-9808; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Glenda Johns perfected this appeal from the trial court's order revoking

community supervision and assessing punishment at ten years confinement and a $1,000

fine for aggravated assault. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of her right to review the record and file a *pro se* response if she desired to do so. Appellant did not file a response. Neither did the State favor us with a brief.

In 1998, appellant was convicted of aggravated assault and sentenced to ten years confinement and a $1,000 fine, suspended for seven years. Following a motion to revoke in 2002, appellant was continued on community supervision. In April 2003, the State again moved to revoke community supervision for seven violations. Following a hearing, the trial court found that based on the testimony appellant had violated the terms of community supervision, revoked community supervision, and assessed the original punishment.

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

By the *Anders* brief, counsel advances four possible arguments, to-wit: (1) the trial court erred in failing to disqualify itself; (2) the original judgment was void for placing appellant on community supervision; (3) the evidence was factually insufficient to support the revocation; and (4) trial counsel was ineffective. He then concludes that no reversible error is presented.

Counsel first argues potential error by the trial court in failing to disqualify itself. Article 30.01 of the Texas Code of Criminal Procedure provides that "[n]o judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree, as determined under Chapter 573, Government Code." *See also* Tex. Const. art. V, § 11 (Vernon 1993). When a district judge is disqualified from hearing a criminal case, he is required to certify that fact to the presiding judge of the administrative judicial district who is then required to assign another judge to try the case. Tex. Code Crim. Proc. Ann. art. 30.02 (Vernon 1989). A district judge who is disqualified from hearing a case may not himself assign the case to another district court. Tex. Code Crim. Proc. Ann. art. 30.02 (Vernon 1989); Koll v. State, 143 Tex. Crim. 104, 157 S.W.2d 377 (1942).

The grounds for disqualification set forth in section 30.01 of the Code and article V, section 11 are not only mandatory, they are exclusive. Gamez v. State, 737 S.W.2d 315, 318 (Tex.Cr.App. 1987); Elam v. State, 841 S.W.2d 937, 939 (Tex.App.--Austin 1992, no

pet.). Further, disqualification of a judge may be raised at any time. *Gamez*, 737 S.W.2d at 318.

On January 3, 2004, Judge Kinkaid signed an order to transfer appellant's case from the 64th District Court to the 242nd District Court of Hale County. The reason provided in the order is "exchange of bench." Nothing in the record indicates any other ground for the transfer. Section 24.303 of the Texas Government Code Annotated (Vernon 2004) provides for transfer of cases and exchange of benches. We agree with counsel that the record does not demonstrate reversible error by Judge Kinkaid in transferring the case and that appellant may pursue this issue by a writ of habeas corpus.

By his second arguable point, counsel questions whether the trial court's judgment convicting appellant of aggravated assault is void for placing her on community supervision. However, counsel concludes the judgment was not void and no reversible error is presented. We agree.

At the hearing on the motion to revoke, trial counsel orally moved to dismiss the State's motion alleging the 1998 judgment placing appellant on community supervision was void because she was convicted of aggravated assault which counsel believed to be a "3g offense."[2] When appellant's sentence was suspended on September 30, 1998, aggravated

---

[2]Article 42.12, section 3g(a)(1) of the Texas Code of Criminal Procedure provides a list of offenses for which community supervision is not available.

4

assault was not included, and still is not, in the list of offenses for which a judge may not grant community supervision.[3]

Further, community supervision is not an option when the trier of fact affirmatively finds that a defendant used a deadly weapon. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Pamph. Supp. 2004-05). The 1998 judgment recites that appellant was convicted of "AGG ASSLT W/DEADLY WEAPON." However, that portion of the judgment providing for findings on use of a deadly weapon recites "NA."

It is well settled that the recitation of an offense accompanied by the words "deadly weapon" does not constitute inclusion in a judgment of an affirmative finding on use of a deadly weapon. Ex parte Hughes, 739 S.W.2d 869, 870-71 (Tex.Cr.App. 1987); Ex parte Brooks, 722 S.W.2d 140, 142 (Tex.Cr.App. 1986); *see also* Tucker v. State, 61 S.W.3d 446, 447-49 (Tex.App.–Amarillo 2001, pet. ref'd). We conclude the 1998 judgment convicting appellant of aggravated assault with a deadly weapon was not void because the offense did not fall in the category of "3g offenses" and because the lack of an affirmative finding on use of a deadly weapon excludes application of section 3g(a)(2).

Counsel's third arguable point is a challenge to the factual sufficiency of the evidence to support the revocation. The sole question before us when reviewing revocation of community supervision is whether the trial court abused its discretion. Cardona v. State,

---

[3]*See* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.03, 1997 Tex. Gen. Laws 327, 438-39.

665 S.W.2d 492, 493 (Tex.Cr.App. 1984).  We determine the sufficiency of the evidence by viewing it in the light most favorable to the trial court's ruling.  Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979).  The State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke.  Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993).  Given the trial court's broad discretion and the unique nature of a revocation hearing, the general standards for reviewing factual sufficiency do not apply.  Pierce v. State, 113 S.W.3d 431, 436 (Tex.App.–Texarkana 2003, pet. ref'd); Becker v. State, 33 S.W.3d 64, 66 (Tex.App.–El Paso 2000, no pet.).

Appellant plead not true to the State's allegations of seven violations of the conditions of community supervision.  Tara Hogan, appellant's community supervision officer, testified that appellant violated the following conditions:

report as directed;

provide proof of employment and maintain suitable employment or provide proof of disability and illness preventing her from working;

remain in Hale County;

report a change of address;

make restitution payments;

complete community service hours; and

attend graduate equivalency diploma lab.

Appellant's sister and her son testified to appellant's history of mental illness as a mitigating circumstance for her failure to comply with the conditions of community

6

supervision and offered to assist her if community supervision was continued. Appellant's mental status was evaluated several times and although she was suffering from a depressive disorder that could be treated by medication, she was found competent to stand trial each time. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the trial court did not abuse its discretion in revoking her community supervision.

By his final arguable point, counsel suggests ineffective assistance of counsel at the revocation hearing for failing to present evidence of possible grounds for disqualification of Judge Kinkaid, a request to disqualify Judge Self, and failure to request appointment of an expert regarding appellant's mental status.

A claim of ineffective assistance of counsel is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[4] Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); *see also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words,

---

[4]The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507, 516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).

appellant must demonstrate that the deficient performance prejudiced her defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). Generally, the record on direct appeal will not be sufficient to show that counsel's conduct was so deficient as to meet the first prong of the *Strickland* standard as the reasonableness of counsel's choices often involves facts that do not appear in the record. *See Mitchell*, 68 S.W.2d at 642.

Counsel raises several acts of omission by trial counsel and concludes the record is not developed for appellant to overcome the presumption of sound trial strategy and demonstrate harm. We agree that the record before us does not demonstrate counsel's performance at the revocation hearing was deficient.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that

the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.