COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-219-CR
        
2-04-220-CR
  
 
JAMES 
ANTHONY CHAMBERS                                               APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        In 
two cases, the trial court revoked appellant’s deferred adjudication and 
adjudicated him guilty of attempting to possess diazepam by fraud and aggravated 
robbery with a deadly weapon. The trial court sentenced appellant to ten 
years’ confinement for the drug offense and twenty years’ confinement for 
the aggravated robbery.
        In 
one point on appeal, appellant contends that the sentences imposed by the trial 
court are void because Judge Mike Thomas, the sitting judge of criminal district 
court number four who transferred the cases to the 396th district court 
(referred to in this opinion as the trial court), was disqualified because he 
formerly represented appellant on the drug offense and thus could not properly 
transfer the cases to the 396th district court.
        The 
record shows that appellant was originally charged with the drug offense on 
March 10, 2000 in criminal district court number two. That court placed 
appellant on deferred adjudication. On May 22, 2001, appellant was charged in 
the trial court with aggravated robbery with a deadly weapon. In June 2001, both 
cases were transferred to criminal district court number four.[1]   
Appellant pled guilty and received deferred adjudication on the aggravated 
robbery charge as well.
        In 
October 2003, the State filed a motion to proceed to adjudication in both cases 
in criminal district court number four, which was the court overseeing 
appellant’s community supervision in both cases.  Michelle Audet was 
appointed to represent appellant in both cases.  In February 2004, the 
district attorney filed a motion requesting that the judge of criminal district 
court number four transfer appellant’s cases to the trial court because of 
“judicial conflict.”  Judge Thomas granted the motion and transferred 
the case.
        The 
constitutional and statutory grounds for judicial disqualification are mandatory 
and exclusive.  Tex. Const. 
art. V, § 11; Tex. Code Crim. Proc. Ann. 
art. 30.01 (Vernon Supp. 2004-05); Gamez v. State, 737 S.W.2d 315, 318 
(Tex. Crim. App. 1987); Ex parte Largent, 144 Tex. Crim. 592, 162 S.W.2d 
419, 426 (op. on reh’g), cert. denied, 317 U.S. 668 (1942).  
Disqualification of a judge may be raised at any time.  Gamez, 737 
S.W.2d at 318.  A judge is disqualified from sitting in any case in which 
he or she has represented the State or the defendant, in which he or she is a 
party, or in which he or she is related to the defendant or the injured party 
within the third degree.  Tex. Code 
Crim. Proc. Ann. art. 30.01.  Code of criminal procedure section 
30.02 provides that if a judge is disqualified in a case, he or she should 
“certify that fact to the presiding judge of the administrative judicial 
district in which the case is pending and the presiding judge . . . shall assign 
a judge to try such case.”  Id. § 30.02 (Vernon 1989).  A 
judge’s attempt to transfer a case in which he or she is disqualified is void 
and does not vest jurisdiction in the transferee court. Koll v. State, 
143 Tex. Crim. 104, 157 S.W.2d 377, 381 (1941) (holding that disqualified judge 
may only perform ministerial acts in a pending case and transfer of case to 
another court was, at that time, discretionary).  But see Tex. Gov’t Code Ann. § 24.303(b) 
(Vernon 2004)[2] (providing that disqualified district 
judge “shall transfer the case or proceeding from his court to one of 
the other courts” (emphasis added)).
        The 
only reference to Judge Thomas in the record of either case is on the docket 
sheet for the drug offense.  The docket sheet lists “Michael Thomas” as 
appellant’s surety; it also shows Stuart Oliphant as appellant’s counsel.[3]   Appellant contends that Judge Thomas was one 
of his attorneys on the drug offense (pre-revocation).  But there is no 
evidence in the record that Judge Thomas acted as appellant’s counsel, only as 
surety.
        A 
surety has no further liability on a bond after the defendant has received 
deferred adjudication. Reed v. State, 702 S.W.2d 738, 741 (Tex. 
App.—San Antonio 1985, no pet.).  Thus, once appellant received deferred 
adjudication on the drug offense, Judge Thomas no longer had any financial 
interest in the case, and there is no evidence in the record to show that Judge 
Thomas had any other interest in the case.  We hold, based on the record 
before us, that Judge Thomas was not disqualified when he transferred 
appellant’s cases to the trial court.  Accordingly, he was within his 
discretion to transfer the case, and jurisdiction vested in the trial court in 
accordance with the transfer order.  See Tex. Gov’t Code Ann. § 24.303(a).
        We 
overrule appellant’s sole point and affirm the trial court’s judgments.
   
   
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
 
  
PANEL 
B:   LIVINGSTON, GARDNER, and WALKER, JJ.
 
PUBLISH
 
DELIVERED: 
June 9, 2005


NOTES
1.  
Judge Thomas was not the sitting judge of that court at the time.
2.  
This statute was first enacted in 1969.  See Act of Sept. 8, 1969, 
61st Leg., 2d C.S., ch. 23, § 2.002(b), 1969 Tex. Gen. Laws 150, 151.
3.  
The docket sheet for the aggravated robbery case states that Deborah Kernan was 
appointed as appellant’s counsel on the original charge (pre-revocation).