

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00004-CR
_____

ROBERT ALAN HAWKINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1725783

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Robert Alan Hawkins was charged by indictment with the offense of retaliation. The Honorable Eddie Northcutt, trial judge for the 8th Judicial District Court, was named as the victim in the case. He also impaneled the grand jury that returned the indictment against Hawkins. Following a jury trial, Hawkins was found guilty of the charged offense and sentenced to five years' imprisonment. In his sole point of error, Hawkins contends Judge Northcutt's participation in the case created reversible error. We disagree and affirm the trial court's judgment of conviction.

*Background*

In January 2017, the grand jury returned an indictment against Hawkins for the offense of retaliation,[1] stating,

> The Grand Jurors for the County of Hopkins, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the January Term, 2017, of the Eighth Judicial District Court of Said County, upon their oaths present in and to said Court, that **ROBERT ALAN HAWKINS** on or about the **21st day of January, 2017**, and before the presentment of this indictment, in said County and State, did then and there intentionally or knowingly threaten to harm another, to-wit Eddie Northcutt, by an unlawful act, to-wit: Aggravated Assault Causing Serious Bodily Injury, in retaliation for or on account of the status of Eddie Northcutt as a public servant, to-wit: a District Judge.[2]

On March 3, 2017, Judge Northcutt, entered an order of recusal "voluntarily recus[ing] from hearing any further matters in [the] cause and request[ing] the Presiding Judge of the First

---

[1]The indictment was filed on February 21, 2017.

[2]A recitation of any additional facts relating to the charged offense is not necessary.

2

Administrative Judicial Region [to] assign a judge to hear the case."[3] On the same day, the administrative judge assigned the Honorable Richard Beacom, senior judge, to preside over "any other matters presented for hearing" in the case.

Because Judge Northcutt was named as the victim in the case against him, Hawkins contends that the trial court's judgment of conviction was void because the grand jury was impaneled by a constitutionally disqualified judge, rendering the indictment and his subsequent conviction void.

*Discussion*

It is well settled that a judge, who is named as an injured party in a case, is disqualified from presiding over that case. TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006). Any discretionary act performed by a disqualified judge is considered void. *Koll v. State*, 157 S.W.2d 377, 379–80 (Tex. 1941). However, a disqualified judge may perform purely ministerial acts. *Id*. An act is ministerial when the law requires that a duty be performed and leaves nothing to the exercise of discretion or judgment. *Bennett v. Paxson*, 932 S.W.2d 81, 83 (Tex. App.—El Paso 1996, no pet.). "Discretionary acts are those in which one has the right to determine between two or more courses of action." *Burkett v. State*, 196 S.W.3d 892, 895 (Tex. App.—Texarkana 2006, no pet.) (citing *Koll*, 157 S.W.2d at 380). "Simply put, an act which one must perform is ministerial, while an act which one may perform is discretionary." *Id.*

---

[3]The order of recusal was signed on March 3, 2017, and filed of record on March 10, 2017.

Hawkins concedes that Judge Northcutt's act of summoning the grand jury was ministerial, but contends his act of "testing their qualifications [was] an act that requires judicial discretion and [was] therefore prohibited." Article 19.23 of the Texas Code of Criminal Procedure states,

> In trying the qualifications of any person to serve as a grand juror, the person shall be asked:
>
> 1.    Are you a citizen of this state and county, and qualified to vote in this county, under the Constitution and laws of this State?
>
> 2.    Are you able to read and write?
>
> 3.    Have you ever been convicted of misdemeanor theft or any felony?
>
> 4.    Are you under indictment or other legal accusation for misdemeanor theft or for any felony?

TEX. CODE CRIM. PROC. ANN. art. 19.23 (West Supp. 2017). Contrary to Hawkins' contention, asking these questions, and receiving the answers to them, requires no discretionary action on the part of a trial court.

In addition, the Texas Court of Criminal Appeals explained in *Koll*,

> As coming within the term "ministerial act[,]" we find that a judge may, in a case in which he is disqualified, enter the following orders: He may make orders preliminary to the trial of the case; he may transfer a case to a court having jurisdiction thereof; he may set such a case for trial; he may reinstate a case which has been improperly dismissed; he may receive the report of the grand jury, embracing an indictment, upon the trial of which he would be disqualified from sitting as trial judge; and this is especially true in the absence of any challenge in limine.
>
> Acts constituting an exercise of judicial discretion and, therefore, prohibited have been announced in the following instances: changing the venue of the case; drawing the venire; approving an appeal bond; and such other acts in civil cases . . . .

4

*Koll*, 157 S.W.2d at 379–80 (citations omitted). If the trial judge "may receive the report of the grand jury . . . upon the trial of which he would be disqualified from sitting as trial judge," it stands to reason that he would also be permitted to impanel the grand jury as well. Most importantly, however, there is no evidence in this case that Judge Northcutt did anything other than summon the prospective grand jurors and qualify them in accordance with Article 19.23 of the Texas Code of Criminal Procedure. For this Court to determine that Judge Northcutt performed acts involving his discretion, it would be required to speculate as to facts that are not contained in the record. We decline to do so.

We overrule Hawkins' sole point of error.

*Conclusion*

We affirm the trial court's judgment of conviction.


Josh R. Morriss, III
Chief Justice


Date Submitted:     April 11, 2018
Date Decided:     April 12, 2018

Do Not Publish